# A

Approved, SCAO

| | | |
|---|---|---|
| | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
| **STATE OF MICHIGAN**<br>JUDICIAL DISTRICT<br>19th JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS AND COMPLAINT**<br>$25,000.00 | **CASE NO.**<br>14-11197GC<br>JUDGE SAM SALAMEY |

Court address: 16077 Michigan Avenue, Dearborn, MI 48126

Court telephone no: (313) 943-2056

Plaintiff's name(s), address(es), and telephone no(s):
Jacqueline Szafranski
c/o Nitzkin & Associates
Southfield, MI 48033

v

Defendant's name(s), address(es), and telephone no(s):
Delbert Services Corporation
RA: National Registered Agents, Inc.
30600 Telegraph Rd., Ste 2345
Bingham Farms, MI 48025

**A TRUE COPY**

Plaintiff's attorney, bar no., address, and telephone no.:
Gary D. Nitzkin P 41155
LAW OFFICES OF NITZKIN & ASSOCIATES
22142 W. Nine Mile Road
Southfield, MI 48033
(248) 353-2882

**SUMMONS** | NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>09/26/2014 | This summons expires<br>12/26/2014 | Court clerk<br>SHARON E LANGEN |
|---|---|---|

This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

ATTY FOR SERVICE

**COMPLAINT** | Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.

**Family Division Cases**
There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**
✓ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ✓ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>Dearborn, Wayne County | Defendant(s) residence (include city, township, or village)<br>Oakland County, MI |
|---|---|
| Place where action arose or business conducted<br>Dearborn, Wayne County | |

Date: 09/24/2014

Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (3/08) **SUMMONS AND COMPLAINT**    MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

| PROOF OF SERVICE | SUMMONS AND COMPLAINT Case No. |
|---|---|

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee | Signature |
|---|---|---|---|---|
| $ | | $ | $ | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                   Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

on _____
Day, date, time

on behalf of _____

Signature

A TRUE COPY

STATE OF MICHIGAN
IN THE 19TH DISTRICT COURT

JACQUELINE SZAFRANSKI,
    Plaintiff,

-vs.-

DELBERT SERVICES CORPORATION,
    Defendant.
_____ /

GARY D. NITZKIN  P41155
TRAVIS SHACKELFORD P68710
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 213-6397
Email – gary@micreditlawyer.com
_____ /

## COMPLAINT

**PLAINTIFF, JACQUELINE SZAFRANSKI, THROUGH COUNSEL, MICHIGAN CONSUMER CREDIT LAWYERS, BY GARY NITZKIN** states the following claims for relief:

1. This is an action for damages, brought against Defendant for violating the Telephone Consumer Protection Act at 47 U.S.C. 227(a)(1).

## PARTIES

2. Plaintiff is a natural person residing in Dearborn, Wayne County, Michigan. Ms. Szafranski is a "consumer" and "person" as the terms are defined and used in the TCPA.

A TRUE COPY

3. The Defendant to this lawsuit is Delbert Services Corporation which is a Nevada company that maintains registered offices in Oakland County, Michigan.

## VENUE

4. The transactions and occurrences which give rise to this action occurred in the Dearborn, in Wayne County, Michigan.

5. Venue is proper in the 19th District Court in Wayne County, Michigan as the actions and occurrences recited herein occurred in Dearborn, Michigan.

6. The amount in controversy is less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## GENERAL ALLEGATIONS

7. Defendant is calling Ms. Szafranski attempting to collect a consumer type debt allegedly owed by Ms. Szafranski to Western Sky in the amount of approximately 2,500.00.

8. Ms. Szafranski had arrangements with Defendant to deduct $294.46 from her checking account on a monthly basis. However, she did not have available funds around August 1, 2014, so Defendant was unable to deduct funds at this time.

9. On or about August 5, 2014, Defendant started calling Ms. Szafranski attempting to collect the alleged debt on her cellular phone using equipment that automated the dialing and calling process. When Ms. Szafranski would answer her phone, she would hear a series of beeps, a pause, and then a live person would say, "Hello?"

A TRUE COPY

10. At that time, Ms. Szafranski told Defendant's representative, Sierra, to not call her on her cell phone. In response, Sierra said, "We have to call you to make sure funds are going to be available in your account." Ms. Szafranski told Sierra that she received an email from Defendant where she indicated that Defendant was going to debit the funds and said, "So why are you calling me?" Sierra again told Plaintiff that she had to call her.

11. On or about August 15, 2014, Defendant withdrew funds from Ms. Szafranski's account in the amount of about $294.46.

12. Despite Ms. Szafranski telling Defendant not to call her anymore on her cellular telephone, Defendant continued to call her on her cellular phone using equipment that automated the dialing and calling process on the following dates:

    a. August 6, 2014: 3 times;

    b. August 7, 2014: 3 times;

    c. August 8, 2014: 2 times;

    d. August 13, 2014: 4 times;

    e. August 14, 2014: 2 times;

    f. August 15, 2014: 4 times;

    g. August 16, 2014: 5 times; and

    h. August 18, 2014: 3 times.

13. On or about August 18, 2014 when Defendant called Ms. Szafranski on her cellular phone, she spoke with a representative named Michael Terry. During this conversation, Ms. Szafranski told Mr. Terry not to call her cell phone anymore. In response, Mr. Terry told her that she owed it money. Ms. Szafranski said, "No, I don't. The money left my account last Friday on August 15th." Mr. Terry told her that he would note the account.

2014 SEP 26 P 2: A TRUE COPY

3

14. Defendant proceeded to call Ms. Szafranski on her cellular phone using automated equipment on August 19, 2014 three more times.

15. On or about August 28, 2014, Defendant called Ms. Szafranski again on her cell phone.

16. On or about September 2, 2014, Defendant withdrew $294.46 from Ms. Szafranski's checking account.

17. On or about September 10, Defendant called Ms. Szafranski again, despite it withdrawing funds from her on September 2, 2014.

## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT.

18. Ms. Szafranski reincorporates the preceding allegations by reference.

19. At all relevant times, Defendant, upon information and belief, was using an "automatic telephone dialing system" in connection with its offending contacts with Ms. Szafranski as that term is defined at 47 U.S.C. 227(a)(1).

20. At no time has the Defendant ever had an "established business relationship" with Ms. Szafranski as that term is defined at 47 U.S.C. 227(a)(2).

21. Defendant made all of these phone calls to the Plaintiff without legal cause, excuse or the Plaintiff's permission.

22. In violation of the proscription against contacting persons on cellular telephones, the Defendant made several contacts in contravention of 47 USC 227(b)(1)(iii).

23. These violations of this statute and each of these telephone calls by the Defendant to the Plaintiff on her cell phone were all willful.

24. Ms. Szafranski has suffered damages as a result of these violations of the Telephone Consumer Protection Act at 47 U.S.C. 227(b)(3).

A TRUE COPY

4

Respectfully submitted,

September 23, 2014

GARY D. NITZKIN P41155
TRAVIS SHACKELFORD P68710
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com

2014 SEP 26 P 2: 04

A TRUE COPY